UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>Defendants. | Case No. 11-cv-00941-EMC<br><br>**ORDER GRANTING RELATORS' MOTION FOR APPROVAL OF VOLUNTARY DISMISSAL**<br><br>Docket No. 281 |

Currently pending before the Court is the Campies' motion for approval of a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). In their motion, the Campies essentially ask the Court to dismiss the instant case – which at present consists of a federal retaliation claim, several California retaliation claims, and a number of state/local FCA claims[1] (including but not limited to one based on California law) – so that they may pursue a narrower case in California state court. That narrower case would consist of California retaliation claims and a California-only FCA claim. In other words, the Campies would no longer be pursuing (1) a federal retaliation claim and (2) state/local FCA claims other than one based on California law.

The Court held a hearing on the Campies' motion on April 17, 2020. At the close of the hearing, the Court granted the motion subject to certain conditions. This order memorializes the Court's ruling and provides additional analysis as necessary.

Under Ninth Circuit precedent, "[a] district court should grant a motion for voluntary

---

[1] Both federal and state/local laws have statutes that prohibit the submission of false claims to the government. For convenience, the Court refers to claims based on these statutes as "FCA claims" – *i.e.*, False Claims Act claims – even though not all statutes may formally be titled "False Claims Act."

dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice is prejudice to some legal interest, some legal claim, some legal argument." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (internal quotation marks omitted). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend, in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 975 (internal quotation marks omitted); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (stating that "[p]lain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage"). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

In the instant case, Gilead has failed to show legal prejudice. As an initial matter, the Court notes that, although the Campies initially asked in their papers for a dismissal without prejudice and without any conditions, they modified their position at the hearing, stating they would agree to a dismissal with prejudice of the following claims: the federal FCA claim,[2] the federal retaliation claims, and the state/local FCA claims, other than the one based on California law. The Campies also committed to not appealing the dismissal of the federal FCA claim and to filing their contemplated California state court case within two weeks of an order approving voluntary dismissal (provided state courts are accepting new filings).

At the hearing, Gilead claimed that they would suffer legal prejudice because, if the case were to remain with this Court, the Court would more than likely grant Gilead's pending motion to dismiss the state/local FCA claims. But Gilead's position is speculative. Moreover, if the merits of Gilead's motion to dismiss are as strong as it asserts, then a California state court would

---

[2] The Court previously granted the United States' motion to dismiss the federal FCA claim.

likewise dismiss the California FCA claim.[3]  Given the similarity in legal standards applicable to a 12(b)(6) motion to dismiss and a demurrer, there is no reason *a priori* to believe the outcome of Gilead's motion/demurrer would be different depending on the court.

   According to Gilead, there is less certainty that the state court would dismiss the claims because the instant case has been pending before this Court for many years and thus this Court is more knowledgeable about the merits of the Campies' case.  But this Court has not made any analysis of the state/local FCA claims at all; proceedings in the instant case have focused largely on the federal FCA claim.  And although the Court granted the United States' motion to dismiss the federal FCA claim, that was not based on the merits of that claim.  To the extent Gilead argues that the United States has nevertheless indicated its belief that there is no merit to the Campies' case (which would suggest the state/local FCA claims lack merit), Gilead can make that same argument to the state court, relying on the same record in support of their motion in this case.  This Court is in no better position to evaluate the state/local FCA claims than the state court, and the state court is equally equipped to address the merits of the claims.

   At the hearing, Gilead also claimed legal prejudice because, if this case were dismissed and the Campies could start a new lawsuit in state court, resolution of the parties' dispute would be delayed, and the parties' dispute has already been pending for close to ten years (*i.e.*, since 2010).  But delay in resolution of the instant case is not because of a lack of diligence on the part of the Campies.  Although this case dates back 2010, the United States took several years to investigate to determine if it wished to intervene, and then the case was further later delayed for a significant period of time because of the Campies' appeal of this Court's original dismissal of the case, and then Gilead's subsequent petition to the Supreme Court.

   To the extent Gilead argues delay because this Court could resolve Gilead's pending motion to dismiss in short order and it would take longer for a California state court to get to the same point (after the Campies file a new lawsuit in state court), the Court is not persuaded.  Gilead has not pointed to any convincing evidence indicating that there would be a significant delay

---

[3] Gilead's pending motion to dismiss is not useless work precisely because Gilead can re-employ the arguments made in the motion to dismiss in a demurrer to the California state court.

beyond a few months.  For example, there is no indication that, once the Campies initiate suit in California, the state of California will take a lengthy period of time to investigate the Campies' California FCA claim, especially since the state reviewed this matter and decided to take no action to intervene when this case with the California FCA claim was filed.  It also appears that the state has been kept apprised of what has taken place in the instant action.[4]  Gilead can point to no practical prejudice were decision on a demurrer delayed by several months.

In the absence of any legal prejudice, the only question remaining is whether there should be any conditions imposed for a dismissal of the instant case.  Based on what has transpired before the Court, and the representations the Campies made in moving for a voluntary dismissal, the Court, concludes that the only appropriate conditions are as follows:

- the federal FCA claim shall be dismissed with prejudice, and the Campies shall not appeal that dismissal;
- the federal retaliation claim shall be dismissed with prejudice;
- the non-California state/local FCA claims shall be dismissed with prejudice; and
- the Campies shall file their California state action within two weeks of the date of this order.[5]

The California retaliation claims and the California FCA claim are dismissed, but without prejudice.  Although the Court does not condition a dismissal on the Campies' filing the operative third amended complaint in this case "as is" in California state court – *i.e.*, "deleting those allegations relevant only to non-California claims and with no new allegations," Opp'n at 8, at the hearing, the Campies made a clear and express representation to the Court that their contemplated

---

[4] According to the Campies, they have informed the State of California of their intent to dismiss this action and to file a new suit in California state court.  *See* Mot. at 1 (noting California law allows a dismissal only with the written consent of the California Attorney General).  It also appears that the Campies have told the other states/localities about their intent to dismiss the non-California FCA claims, even though it does not appear that the Campies need their consent to a dismissal.  The Campies stated at the argument that Gilead has already presented its views to the State of California.

[5] If, because of the COVID-19 situation, the California state court does not accept the filing of a new complaint, then the Campies shall have two weeks from the date that the court does accept new complaints to file their state court action.

4

1  state court action would not be based on any new material facts or documents not already
2  disclosed in this litigation.  In dismissing this case, the Court relies on these representations.  The
3  remaining conditions requested by Gilead are not reasonable or otherwise not warranted.
4      Accordingly, the Court grants the Campies' motion for approval of a voluntary dismissal
5  and imposes only those conditions identified above.
6      The Clerk of the Court is directed to close the file in this case.
7      This order disposes of Docket No. 281.

**IT IS SO ORDERED**.

Dated: April 20, 2020

_____
EDWARD M. CHEN
United States District Judge